IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERCAN E. KALKAN AND PINEY POINT 2023, LLC | § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | Civil Action No. 4:24-cv-2548 |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE) AND GAVRIEL TOSO, AS SUBSTITUTE TRUSTEE, | | |
| *Defendants*. | | |

## MEMORANDUM AND ORDER

Plaintiffs initiated this case in state court to halt the foreclosure sale of a multi-family property.  ECF 1-1 at 5-20.  On July 7, 2024, Defendants removed the case to this federal court based on diversity jurisdiction.  ECF 1.  There are two other pending federal court cases involving the same property in which Plaintiffs and Fannie Mae are named as defendants:  (1) *SITG Capital Partner, LLC v. Kalkan et al.*, Civil Action No. 4:24-cv-2906, pending before District Judge David Hittner; and (2) *Adil Property, Inc. v. Fannie Mae et al.*, Civil Action No. 4:24-cv-2972, pending before District Judge Alfred H. Bennett.

Pending before the Court is Defendants' Corrected Motion to Consolidate,

pursuant to Federal Rule of Civil Procedure 42(a), this first-filed federal case and the two cases referenced above.[1]  ECF 18.  Defendants properly filed the Corrected Motion to Consolidate (Motion) in the first-filed case.  Loc. R. S.D. Tex. 7.6.  The Certificate of Conference attached to the Motion represents that counsel for movant conferred with all interested parties and that ADIL Property, Inc., Fercan E. Kalkan, and Piney Point 2023, LLC oppose consolidation.  ECF 18 at 7.  Yet, no party filed a Response to the Motion.  Pursuant to Local Rules of the United Southern District of Texas 7.3 and 7.4, the Court deems the motion unopposed.

Federal Rule of Civil Procedure 42(a) provides that if actions involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018).  Consolidation is a matter of convenience and judicial economy.  Consolidated actions do not merge into a single cause of action—each party retains the same substantial rights the party would

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act.  ECF 5.  Motions to consolidate under Rule 42(a) are non-dispositive matters within the pretrial authority of this Magistrate Judge.  *Texas Dep't of Transportation v. Canal Barge Co.*, No. 4:20-CV-00868, 2020 WL 4335787, at *1 (S.D. Tex. July 28, 2020).

have if the cases proceeded separately. *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). A separate judgment is required for each case. *Id.*

In deciding whether to consolidate cases, courts often consider "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Wheeler v. Arkema France S.A.*, No. 4:17-CV-02960, 2024 WL 3371039, at *1 (S.D. Tex. July 10, 2024). Here, all three cases to be consolidated relate to foreclosure proceedings for the same property located at 2601 Lazy Hollow Drive, Houston, Texas 77063 (Property). While the Plaintiffs vary, Fannie Mae is a Defendant in all three cases. The Petitions in all three cases, which were removed from state courts, allege the same operative facts, and the state court Petitions in the later filed cases, 24-2906 and 24-2972, are virtually identical. The Court determines that the relevant factors, particularly factors 3 and 5, weigh in favor of consolidating the three cases pending in the Southern District of Texas, all of which involve issues regarding foreclosure of the same property. It is therefore

ORDERED that Defendant Fannie Mae's Motion to Consolidate (ECF 18) is

GRANTED.  It is further

ORDERED that *SITG Capital Partner, LLC v. Kalkan et al.*, Civil Action No. 4:24-cv-2906, pending before District Judge David Hittner, and *Adil Property, Inc. v. Fannie Mae et al.*, Civil Action No. 4:24-cv-2972, pending before District Judge Alfred H. Bennett, will be transferred to the presiding District Judge in this case Civil Action 4:24-2548, Judge Andrew Hanen, and consolidated for all purposes.

Signed on September 13, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge