Case 4:24-cv-02548   Document 64   Filed on 11/21/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERCAN E KALKAN, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-2548 |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION (FANNIE MAE), *et al.*, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## TEMPORARY RESTRAINING ORDER

Before this Court is Defendant Federal National Mortgage Association's ("Fannie Mae") Motion for Appointment of a Receiver, Temporary Restraining Order, and Other Preliminary Relief. (Doc. No. 50). Plaintiff Piney Point 2023, LLC ("Piney Point") filed its Objection and Response in Opposition to Defendant Fannie Mae's Emergency Motion. (Doc. No. 58). After reviewing the pleadings, the applicable law, and hearing oral arguments, this Court **GRANTS** Fannie Mae the Temporary Restraining Order as detailed below.

### I.

The case centers around a multi-family unit property located at 2601 Lazy Hollow Drive, Houston, Texas 77063 (the "Property"). Plaintiff Fercan E. Kalkan ("Kalkan") and Piney Point currently own the Property, and Fannie Mae holds a deed of trust on the Property securing a loan. (Doc. No. 58 at 4). Kalkan also executed a Guaranty of Non-Recourse Obligations. (Doc. No 19 at 5). Also relevant, is Piney Point's ongoing bankruptcy proceeding. *In re Piney Point 2023 LLC*, Case No. 25-30128 (Bankr. S.D. Tex.). As a result of proceedings in the Bankruptcy Court, the automatic stay was terminated on November 15, 2025, thereby allowing Fannie Mae to bring its counterclaim and this present motion. (Doc. No. 50 at 2).

In conjunction with its request for the Court to appoint a receiver over the property, Fannie Mae seeks a temporary restraining order ("TRO") focused on preventing the property's current owner and his employees from interfering with the receiver's efforts to manage the property. (*Id.* at 21–22). Plaintiff argues that Fannie Mae has not met the requisite TRO standard, and so this TRO should not be granted. (Doc. No. 58 at 13–14).

## II.

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). The decision of whether to grant or deny a TRO is within the Court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).

First, Fannie Mae has established a substantial likelihood of success on the merits regarding its breach of contract counterclaim against Piney Point and Kalkan. Fannie Mae has demonstrated that Piney Point is in default on the loan agreement between the parties with no imminent hope (short of a property sale) of bringing its note current. The bankruptcy stay has been lifted, and foreclosure by Fannie Mae appears to be imminent. Next, Fannie Mae has established a substantial threat of irreparable injury. The state of the Property has been declining, and if the Property's value continues to decline, then Fannie Mae's interest in its collateral will be jeopardized. Fannie Mae

has also shown that the threatened damage outweighs any harm this Order might cause to Kalkan and Piney Point. In fact, at this stage, this Order actually works to Plaintiffs' benefit. Moreover, this TRO allows Kalkan to keep his corporate office on the Property undisturbed. Further, Kalkan and Piney Point both agreed that maintaining the Property and its rents is a priority for them as well. Finally, this TRO does not disserve the public interest. This TRO will maintain the Property and ensure necessary repairs for safety and health are promptly made under the direction of the receiver. As a result, the health and safety of the Property's current tenants is aided with this TRO.

### III.

The Court finds based on its review of the motion and response, accompanying exhibits, the applicable law, and oral arguments, that Fannie Mae has demonstrated the four elements necessary to obtain a TRO.

Accordingly, the Court hereby **ORDERS** that Fannie Mae's Motion for Appointment of a Receiver, Temporary Restraining Order, and Other Preliminary Relief is **GRANTED** as to its request for a Temporary Restraining Order. (Doc. No. 50). It will address the request for a receiver in a separate order.

The Court further **ORDERS** that Fercan E. Kalkan and all persons acting in concert with him, namely his employees working at the Property, are enjoined from:

1. Interfering with, obstructing, or impeding the receiver's possession, control, management, and operation of the Property and collateral, including rent collections under the present assignment of rents.
2. Communicating to tenants or vendors any instruction that conflicts with the receiver's or Fannie Mae's directives regarding rent payment, repairs, maintenance, insurance, taxes, utilities, or other critical services.

3. Collecting, diverting, concealing, or dissipating rents, issues, profits, or other proceeds of the Property, or using such funds for any purpose other than as directed by the receiver or the Court. (All funds received from the operation of the apartment complex shall be placed in the account set aside by the Bankruptcy Court for this purpose. Those funds will only be disbursed on items or for purposes specifically approved by that court.)

4. Removing, transferring, concealing, damaging, or otherwise diminishing any part of the Property or Collateral, including personal property on which Fannie Mae has a security interest.

Kalkan is not required to vacate his corporate office which both parties indicated is located on the Property; however, he is required to keep in contact and provide all documentation concerning the Property that the receiver needs to operate the Property in a safe and appropriate manner. Nevertheless, Kalkan must comply with this Order.

This Temporary Restraining Order shall expire on **December 5, 2025**, unless otherwise instructed by this Court. Fannie Mae, or the Receiver appointed by a separate order, is directed to post a bond with the clerk of the court in the amount of **$10,000**. This Temporary Restraining Order is not effective until the bond is posted, and Plaintiffs receive actual notice of this Order and its contents. The Court will hold a status conference on December 2, 2025, at 10:00AM.

It is so ordered.

Signed on this the 21st day of November 2025.

Andrew S. Hanen
United States District Judge