Case 4:24-cv-02548   Document 92   Filed on 12/19/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FERCAN E KALKAN, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| VS. § | CIVIL ACTION NO. 4:24-cv-2548 |
| § | |
| FEDERAL NATIONAL MORTGAGE § | |
| ASSOCIATION (FANNIE MAE), *et al.*, § | |
| § | |
| *Defendants*. § | |
| § | |

## ORDER GRANTING TEMPORARY INJUNCTION

Before the Court is Defendant Federal National Mortgage Association's ("Fannie Mae") Application for Temporary Injunction and Brief in Support (Doc. No. 85), to which Plaintiff Piney Point 2023, LLC ("Piney Point") filed its Response in Opposition (Doc. No. 89). On December 19, 2025, the Court held a hearing on the motion. After reviewing the pleadings, the applicable law, and hearing oral arguments, this Court **GRANTS** Fannie Mae a Temporary Injunction as detailed below.

### I.

The case centers around a multi-family unit property located at 2601 Lazy Hollow Drive, Houston, Texas 77063 (the "Property"). Plaintiff Fercan E. Kalkan ("Kalkan") owns Piney Point which currently owns the Property, and Fannie Mae holds a deed of trust on the Property securing its loan. (Doc. No. 19 at 3; Doc. No. 58 at 4). Kalkan also executed a Guaranty of Non-Recourse Obligations. (Doc. No 19 at 5). Also relevant, is Piney Point's ongoing bankruptcy proceeding. *In re Piney Point 2023 LLC*, Case No. 25-30128 (Bankr. S.D. Tex.). As a result of proceedings in the Bankruptcy Court, the automatic stay was terminated on November 15, 2025, thereby allowing Fannie Mae to bring its counterclaim and its request for the Court to appoint a receiver and

additional injunctive relief. (Doc. No. 50 at 2). Fannie Mae also brought its crossclaim against Kalkan. (Doc. No. 57).

On November 21, 2025, this Court granted Fannie Mae's request for the appointment of a receiver and appointed Tarantino Properties, Inc. as the Receiver in this matter. (Doc. No. 63). That same day, this Court also granted Fannie Mae's request for a Temporary Restraining Order, which was set to expire on December 5, 2025. (Doc. No. 64). By agreement of the parties, that TRO was extended to expire on December 19, 2025. (Doc. No. 72).

As a result of that impending expiration, Fannie Mae filed the present motion asking this Court to issue a Temporary Injunction to be in effect until the foreclosure of the property or the time of trial, whichever comes first. (Doc. No. 85). Piney Point asks this Court to deny that request. (Doc. No. 89).

## II.

To be entitled to a preliminary injunction, the applicant must show: "(1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) [their] substantial injury outweighs the threatened harm to the party whom [they] seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Texas Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). "A preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion on all four requirements.'" *Id.* The decision whether to grant or deny a preliminary injunction is within this Court's discretion. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

1. **Likelihood of Success on the Merits**

The Court finds Fannie Mae has demonstrated a likelihood of success on the merits of its breach of contract counterclaim against Piney Point. Fannie Mae is the holder of borrower's loan documents, which were guaranteed by Kalkan, and has a security interest in the Property. On May 30, 2024, Kalkan and Piney Point admitted, acknowledged, and agreed they were in default on the Loan by signing its agreement with Fannie Mae stating as much. (Hrg. Ex. 15 at 3). Through this document, Kalkan and Piney Point also agreed that the Loan Document was valid, fully enforceable, and had been accelerated by Fannie Mae under the terms of the agreement. (Hrg. Ex. 15 at 5). The Court heard testimony from Joey Davenport, Fannie Mae's Senior Asset Manager overseeing the Property, who testified that Piney Point and Kalkan continue to be in default, and that the default has not been cured. This testimony was uncontradicted. This establishes Fannie Mae's likelihood of success on the merits on its counterclaim.

2. **Substantial Threat of Irreparable Injury**

The Court heard testimony on the state of the Property, and although the parties sharply disagree on who is the cause of that state, everyone seems to agree the Property's value has been declining. Piney Point rightly points out that this Temporary Injunction does not impact the Receivership the Court has already put in place at the Property; however, if the Receiver is unable to continue managing the Property and making repairs due to Kalkan's interference, then the Property's value might continue to decline. The continued deterioration of the Property and possible effects on the safety to its tenants presents a substantial threat of irreparable injury to Fannie Mae, who holds the security interest in the Property.

### 3. Threat to the Movant Outweighs the Harm to the Opposing Party

The threat to the Property's value also outweighs any perceived threat to Kalkan or Piney Point. This Order does not address any foreclosure of the Property. It only ensures Kalkan and Piney Point will seek relief in their previously chosen venues (this Court or the Bankruptcy Court) if relief regarding any future foreclosure is sought. Kalkan still is able to maintain his office on the Property but must not interfere with the Receiver's efforts to manage and improve the Property.

### 4. Public Interest

The health and safety of the Property's current tenants are aided by this Temporary Injunction. As the Receiver continues to use funds advanced by Fannie Mae to make needed repairs to the Property without Kalkan's interference, the safety (and potentially the value) of the Property will increase. Kalkan and Piney Point both agree that maintaining the Property and its rents is also in their best interest.

### III.

The Court finds based on its review of the motion and response, accompanying exhibits, the applicable law, and oral arguments, that Fannie Mae has met the requirements for a Temporary Injunction.

Accordingly, the Court hereby **ORDERS** that Fannie Mae's Application for Temporary Injunction and Brief in Support (Doc. No. 85) is **GRANTED**.

The Court further **ORDERS** that Piney Point, Kalkan, and all persons acting in concert with him, namely his employees working at the Property, are enjoined from:

1. Interfering with, obstructing, or impeding the receiver's possession, control, management, and operation of the Property and collateral, including rent collections under the present assignment of rents.

2. Communicating to tenants or vendors any instruction that conflicts with the receiver's or Fannie Mae's directives regarding rent payment, repairs, maintenance, insurance, taxes, utilities, or other critical services.

3. Collecting, diverting, concealing, or dissipating rents, issues, profits, or other proceeds of the Property, or using such funds for any purpose other than as directed by the receiver or the Court. (All funds received from the operation of the apartment complex shall be placed in the account set aside by the Bankruptcy Court for this purpose. Those funds will only be disbursed on items or for purposes specifically approved by that court.)

4. Removing, transferring, concealing, damaging, or otherwise diminishing any part of the Property or Collateral, including personal property on which Fannie Mae has a security interest.

5. Attempting to file anything or otherwise initiate any new legal action to stop, restrain or otherwise avoid the nonjudicial foreclosure sale scheduled to be held on January 6, 2026. Any such action or filing must be submitted in either this case (Case No. 4:24-cv-02548) or the pending bankruptcy case (Case No. 25- 30128 (Bankr. S.D. Tex.).

The $10,000 bond filed in support of the TRO shall remain on file in support of this Temporary Injunction.

While he owns an interest in the Property, Kalkan is not required to vacate his corporate office; however, he is required to keep in contact and provide all documentation concerning the Property that the receiver needs to operate the Property in a safe and appropriate manner. Nevertheless, Kalkan must comply with this Order.

This Temporary Injunction shall be in effect until the foreclosure of the property or the time of trial, whichever comes first.

It is so ordered.

Signed on this the __19th__ day of December, 2025.

_____
Andrew S. Hanen
United States District Judge