United States District Court
Southern District of Texas
**ENTERED**
September 10, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FERCAN E KALKAN, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-2548 |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | Consolidated with 4:24-cv-2906 and |
| ASSOCIATION (FANNIE MAE), *et al.*, | § | 4:24-cv-2972 |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM AND RECOMMENDATION**

Before this Court is Fannie Mae's Motion for Entry of Default and Default Judgment on Counterclaims Against Piney Point 2023, LLC (Piney Point).[1] ECF 127. On February 19, 2026, the Court allowed Frank S. Hill to withdraw as counsel for Plaintiffs in this case. ECF 109. At that time, Plaintiffs continued to be represented by Joyce Williams Lindauer. *See* ECF 125. In a Status Report filed May 18, 2025, Plaintiff Kalkan represented that he was proceeding pro se and Piney Point continued to be represented by Lindauer. ECF 119. On May 21, 2026, the Court granted Lindauer's Motion to Withdraw as Counsel. ECF 125. Piney Point was cautioned that a corporate entity cannot appear in federal court without counsel and

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act. ECF 5.

was given until June 1, 2026 for new counsel to file a notice of appearance. *Id.* The Court further ordered that if Piney Point did not retain counsel who filed an appearance by June 1, 2026, Defendants could file a motion for entry of default and default judgment on their claims against Piney Point. *Id.* Piney Point did not meet the June 1, 2026 deadline, and Defendants filed the instant motion on June 2, 2026. ECF 127. About two weeks later Defendants filed their Renewed Motion to Dismiss Piney Point 2023, LLC Claims and Memorandum of Law in Support. ECF 128.

On June 30, 2026, Jon Hill filed a Notice of Appearance as counsel for Piney Point. ECF 131. Piney Point, through counsel, filed a Response to Fannie Mae's Motion for Entry of Default and Default Judgment on July 1, 2026. ECF 132. Piney Point, through counsel, filed a Response to Defendants' Renewed Motion to Dismiss on July 10, 2026. Piney Point was dilatory in securing counsel. Nonetheless, counsel for Piney Point has now appeared and is defending Piney Point's interests in this case. Therefore, the Court RECOMMENDS that Fannie Mae's Motion for Entry of Default and Default Judgment (ECF 127) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 10, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge